CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 1 2008

JOHN F. CORCORAN, CLERK
BY: _____, DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| RICHARD ALBERT ROWZIE, | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:08-cv-00348** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN DAVIS, | ) | **By: Samuel G. Wilson** |
| **Respondent.** | ) | **United States District Judge** |

Petitioner Richard Albert Rowzie, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction and 55-year sentence by the Greene County Circuit Court for several counts of forcible sodomy, abduction, and taking custodial indecent liberties with a child. Rowzie alleges that counsel provided ineffective assistance and that he was denied due process. The court finds that Rowzie's petition is untimely and that there are no grounds for equitable tolling. Therefore, the court dismisses his petition.

## I.

On January 7, 2000, Rowzie was arrested in Rockingham County, Virginia on fraud-related charges. Before proceeding with his trial on those charges, the court ordered that Rowzie be evaluated for his competence to stand trial. On July 5, 2000, the evaluation was completed. While apparently still in custody on his fraud-related charges, on September 19, 2000, Rowzie was charged with 38 counts of various sexual abuse violations in Greene County, Virginia. Rowzie was appointed counsel Denise Y. Lunsford to defend him concerning the sexual abuse-related charges. On November 21, 2000, at a motions hearing, Lunsford stated that although she had initially requested that Rowzie be evaluated for his competence to stand trial, she now knew that he had been evaluated in another case, the fraud-related case, and was determined to be competent. Therefore, Lunsford indicated that she did not think that a second competency test was necessary. Accordingly, Rowzie was not evaluated again for his competence to stand trial. However, on December 18, 2000, Lunsford moved and the

court ordered that Rowzie be evaluated for his sanity at the time of the sexual abuse-related offenses. Before the report of Rowzie's sanity evaluation was completed, on April 26, 2001, Rowzie pled guilty to 11 sexual abuse-related counts and the state nolle prossed the remaining 27 counts. On July 16, 2001, Rowzie alleges that the sanity evaluation report came back and determined that Rowzie was currently suffering a severe mental disorder, including a major depressive illness and a major anxiety disorder. On August 17, 2001, the Greene County Circuit Court sentenced Rowzie to 55 years incarceration, with all but 20 years suspended. Rowzie did not appeal.

On May 24, 2004, Rowzie filed a state habeas petition in the Greene County Circuit Court, which was dismissed as untimely filed. Rowzie appealed the circuit court's dismissal and the Supreme Court of Virginia denied his habeas appeal on March 4, 2005.

In November of 2005, Rowzie wrote to the Commonwealth's Attorney's Office in Charlottesville, Virginia and requested copies of their prosecution files concerning his Greene County case, pursuant to the Freedom of Information Act ("FOIA").[1] That same month, Rowzie received a response, denying his FOIA request. Over 14 months later, with apparently no action concerning either of his cases, Rowzie wrote to the clerk of the Rockingham County Circuit Court, requesting copies of documents from his fraud-related case. On March 7, 2007, the clerk responded and provided him with a copy of his psychiatric evaluation concerning his competency to stand trial. According to the competency evaluation, completed on July 5, 2000, the doctors were "unable to render any definitive opinions regarding Mr. Rowzie." Rowzie specifically states that it was at this time, on March 7, 2007, that he discovered that he had not, in fact, been found competent to stand trial and, thus, discovered the ineffective assistance of counsel and due process claims he raises in his instant petition.

On April 16, 2007, Rowzie raised his ineffective assistance of counsel claims in a state habeas

---

[1] The court notes that Rowzie's Greene County case was apparently prosecuted by a special prosecutor from the Charlottesville Commonwealth's Attorney's Office.

petition to the Supreme Court of Virginia. On June 25, 2007, the court dismissed his petition as untimely filed. Approximately 11 months later, on May 27, 2008, Rowzie filed his instant federal habeas petition.

## II.

A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] In this case, even if the court gave Rowzie the benefit of finding that the statute of limitations began to run on March 7, 2007, assuming, without deciding, that he exercised due diligence in discovering his claim, Rowzie had until March 7, 2008 to file a timely federal habeas petition.[3] However, Rowzie did not file his federal habeas petition until May 27, 2008, approximately 80 days after his time to file expired.

---

[2] Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A - D). Here, Rowzie has alleged nothing to support the application of § 2244(d)(1)(B - C). Under § 2244(d)(1)(A), Rowzie's conviction became final on September 17, 2001, 30 days after his conviction because he did not appeal. Under § 2244(d)(1)(D), assuming, without deciding, that Rowzie exercised due diligence in pursuing his claims, the statute of limitations on his claim began to run on March 7, 2007, the date on which he states he discovered his claims upon his receipt of a copy of his psychological evaluation.

[3] The court notes that the statute of limitations is not tolled during the 70 days that his habeas petition was pending in the state courts because the court found it untimely filed. However, even if the court tolled the period of limitations during those 70 days, Rowzie's federal habeas petition would nevertheless be untimely.

Therefore, Rowzie's petition is time-barred unless he demonstrates grounds for equitable tolling.[4] Despite being given the opportunity to amend his petition, Rowzie makes no additional argument as to the timeliness of his petition. Accordingly, the court finds that Rowzie has not demonstrated any grounds for to equitable tolling.

### III.

For the foregoing reasons, the court dismisses Rowzie's petition as untimely.

**ENTER**: This 21st day of August, 2008.

_____
United States District Judge

---

[4] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).